IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ MAY 0 1 2009
BROOKLYN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————————

UNITED STATES OF AMERICA,

v.

JORGE ARBOLEDA,

        Defendant.

———————————————————————

08-CR-135 (JBW)

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

Under 18 U.S.C. § 3553(c), a sentencing court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If, however, the sentence is not of the kind or is outside the range of the sentencing guidelines as referred to in 3553(a)(4), the court is required to state the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." Id. Even though the mandatory nature of the guidelines has been excised and they are now "advisory," see United States v. Booker, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements set forth in 18 U.S.C. § 3553(c)(2). United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons need only be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." United States v. Rattoballi, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." United States v. Cavera, 550 F.3d 180, 193 (2d Cir. 2008) (quoting Rita v. United States, 127 S.Ct. 2456, 2468 (2007)) (internal quotations and alterations omitted). Although a written statement of reasons pursuant to

1

18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guidelines sentence, the statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

On July 2, 2008, Jorge Arboleda pled guilty to count one of a five-count indictment, which charged that between January 1, 2008 and February 1, 2008, Arboleda, together with others, conspired to import heroin into the United States in violation of 21 U.S.C. §§ 952(a), 963 and 960(a)(1).

Arboleda was sentenced on March 27, 2009. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere during sentencing and the various in-court factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). See In re Sentencing, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

At sentencing, the court found the total offense level to be twenty-nine and defendant's criminal history category to be one, yielding a guidelines range of imprisonment of between 87 and 108 months. The guidelines range of fine was from $15,000 to $150,000. The offense carried a maximum term of life imprisonment. See 21 U.S.C. § 960(b)(1). The statutory mandatory minimum sentence of ten years, id., did not apply because the elements of the "safety valve" under section 5C1.2 of the United States Sentencing Guidelines had been satisfied: 1) Arboleda does not have more than one criminal history point; 2) he used no violence, threats, or dangerous weapons in connection with the offense; 3) there was no serious bodily harm caused to anyone; 4) he was not an organizer, leader, manager, or supervisor of the criminal enterprise; and 5) he truthfully provided information to the government regarding the offense. The government agreed that the defendant was entitled to the safety valve. See 18 U.S.C. § 3553(f).

Arboleda was sentenced to twelve months and one day of imprisonment and five years supervised release. A $100 special assessment was imposed. No fines were imposed because the defendant does not, and will not in the future, have assets to pay a fine. The underlying charges in the indictment were dismissed upon motion by the government.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court did not depart from the guidelines and sentenced the defendant under 18 U.S.C. § 3553(a).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). The offense is serious but appears to have been an aberrational crime that was committed at the behest of the defendant's father. Arboleda has a good work history and strong family relationships. A sentence of twelve months and one day of imprisonment reflects the seriousness of the offense, will promote respect for the law and provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in drug importation will result in a substantial prison sentence. Specific deterrence is not an issue here. It is unlikely that Arboleda will engage in further criminal activity in light of his expressions of remorse, the aberrant nature of the crime, and the consequences he faces from this conviction.

*Jack B. Weinstein*

3

Senior United States District Judge

Dated: April 16, 2009
Brooklyn, New York